UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SADEIK GIBBS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 4:25-cv-01442-CMS |
| | ) | |
| ACTALENT, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORDANDUM AND ORDER

Before the Court is Defendant Invenergy, LLC's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 14). For the reasons set forth below, Defendant Invenergy, LLC's motion is GRANTED.

## BACKGROUND

According to the facts alleged in the Complaint, Plaintiff Gibbs worked as an assistant site manager for Defendant Actalent, Inc., which provided staffing services for Defendant Invenergy on several projects across multiple states. (Doc. 1 at 1–3). This included the "Split Rail project," a multi-year solar energy construction project in Warrenton, Missouri. *Id.* at 7.

Plaintiff, a black male, alleges that Luke Williams, a white male who was the primary site manager for Invenergy, began targeting him on account of his race. *Id.* at 3. Plaintiff alleges a years-long campaign of insults, racial comments, physical attacks, and interfering with Plaintiff's potential promotion. *Id.* at 3–9.

1

Plaintiff began working on the Split Rail project in January 2025. *Id.* at 8. He alleges that, during this project, Williams continued his antagonistic behavior towards Plaintiff. *Id.* Throughout January 2025, Plaintiff noted that the contractor was neglecting quality assurance and quality control. *Id.* at 9. Plaintiff reported this to Williams, who brushed these concerns off. *Id.*

Plaintiff raised these issues at a meeting on February 10, 2025, which involved the construction manager, Allen Fuhs. *Id.* Fuhs became angry and began cursing at and threatening Plaintiff. *Id.* at 10. Fuhs allegedly told Plaintiff "we will carry you offsite" if Plaintiff challenged him again. *Id.* Plaintiff interpreted this statement as a reference to lynching. *Id.* For the rest of the day, Fuhs tried to intimidate Plaintiff around the jobsite. *Id.* Plaintiff first reported this behavior to Williams, who dismissed his concerns. *Id.* Then, he filed complaints with Defendants Invenergy and Actalent that same day. *Id.*

After Plaintiff filed these complaints, Fuhs' behavior worsened, and Plaintiff unsuccessfully tried to assert his authority to remove Fuhs. *Id.* at 10–11. The backlash from this prompted Plaintiff to take paid time off from work to avoid further conflict. *Id.* at 11–12. Plaintiff was then encouraged by one of the managers to return to a previous project in Indiana, which Plaintiff resisted. *Id.* at 12. Ultimately, Plaintiff was removed from the Split Rail project. *Id.* After communicating with managers and human resources personnel at both Invenergy and Actalent, Plaintiff still was not allowed to return to the Split Rail project. *Id.* at 14. A little less than a month later, Plaintiff resigned. *Id.* at 15.[1]

---

[1] The Court does not recite here Plaintiff's apparent filing of an EEOC charge and receipt of right-to-sue letters for reasons discussed below.

Plaintiff filed this suit on September 24, 2025. (Doc. 1). Plaintiff brings claims specific to Defendant Invenergy in Counts X-XIII, alleging violations of 42 U.S.C. § 1981 (Doc. 1 at 23–28); Counts XIV-XVII, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (Doc. 1 at 28–32); and Counts XVIII-XXI, alleging violations of the Missouri Human Rights Act ("MHRA") (Doc. 2 at 32–36).[2]

Defendant Invenergy filed the instant Motion to Dismiss Counts XIV-XXI for Failure to Exhaust Administrative Remedies (Doc. 14).

## ANALYSIS

For a complaint to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 555, 570, 127 S.Ct. 1955 (2007)); *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010).

On a motion to dismiss, the Court "'must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiffs.'" *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (quoting *Gunter v. Morrison*, 497 F.3d 868, 873–74 (8th Cir. 2007)). The Court may also consider documents attached to the complaint and materials necessarily embraced by the pleadings. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018). Federal Rule of Civil Procedure 12(d) requires that, if the Court does not exclude matters outside the

---

[2] All remaining counts are directed at Defendant Actalent, Inc., which has entered an Answer (Doc. 19) and has not moved to dismiss those counts.

pleadings, it must treat a Rule 12(b)(6) motion as a Rule 56 motion for summary judgment.

### Title VII Complaints- (Counts XIV-XVII)

Plaintiff's Counts XIV-XVII bring various claims under Title VII of the Civil Rights Act of 1964. (Doc. 1 at 28–32). Defendant Invenergy argues that these counts should be dismissed because Plaintiff did not allege that he received, nor did he attach, a right-to-sue letter. (Doc. 14 at 2). Plaintiff did file his EEOC right-to-sue letter as an attachment to his Response to Defendant Invenergy's Motion to Dismiss (Doc. 21, Ex. 1), but Defendant asserts the Court cannot consider the right-to-sue letter because it was not attached to Plaintiff's Complaint (Doc. 24 at 1–2).

A party must timely file a charge of discrimination with the EEOC and receive notice of his right to sue before filing a lawsuit in federal court. *Zarn v. Minn. Dep't of Human Servs.*, 165 F.4th 1143, 1149 (8th Cir. 2026). This requirement has been interpreted in this District to mean that Plaintiff must file a copy of his EEOC charge of discrimination and a copy of his EEOC right-to-sue letter with the lawsuit. *See e.g., Weakley v. Permalok Corp.*, 4:19-CV-259-SPM, 2019 WL 932112, at *3 (E.D. Mo. Feb. 25, 2019); *see also e.g., Davis v. Walsh*, 4:25-CV-113-ACL, 2025 WL 776571, at *3 (E.D. Mo. Mar. 11, 2025).

The Court may consider documents necessarily embraced by the pleadings, defined by the Eighth Circuit as "documents whose contents are alleged in a complaint *and* whose authenticity no party questions, but which are not physically attached to the pleading." *Ashtani v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (internal

quotation omitted) (emphasis added); *see also Gillick v. Elliott*, 1 F.4th 608, 610 n.2 (8th Cir. 2021). "Additionally, [the Court] may consider documents attached to the complaint and matters of public and administrative record referenced in the complaint." *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008) (internal quotation omitted).

Defendant Invenergy does not contest the authenticity of the right-to-sue letter, *see* (Doc. 23 at 1–2), and the right-to-sue letter may very well be part of the administrative or public record. But Plaintiff makes no reference to either his EEOC claim or the right-to-sue letter anywhere in his Complaint. *See generally* (Doc. 1). In fact, the Complaint contains no reference whatsoever to the EEOC. *See generally id.* Regardless whether the right-to-sue letter is a matter of public and administrative record, it is not attached to the Complaint, its contents are not alleged or referenced in the Complaint, and this Court may not consider it. *See Ashtani*, 666 F.3d at 1151; *Owen*, 533 F.3d at 918. Thus, Plaintiff has failed to demonstrate that he has exhausted his administrative remedies with the EEOC.

Defendant Invenergy's Motion to Dismiss Counts XIV-XVII for Failure to Exhaust Administrative Remedies is GRANTED.

### Missouri Human Rights Act Claims (Counts XVIII-XXI)

Plaintiff's Counts XVIII-XXI allege various violations of the Missouri Human Rights Act by Defendant Invenergy. (Doc. 1 at 32–36). Defendant Invenergy argues these counts should be dismissed not only because the Missouri Human Rights Commission ("MHRC") right-to-sue letter was not attached to the Complaint, but because the MHRC

right-to-sue letter was not issued until two months *after* Plaintiff commenced this lawsuit. (Doc. 23 at 2).

Obtaining a right-to-sue letter from the MHRC is a statutory prerequisite to filing a lawsuit under the MHRA. *Igoe v. Dept. of Labor and Indus. Rels. Of State of Mo.*, 152 S.W.3d 284, 287 (Mo. 2005) (en banc); *see also Farrow v. St. Francis Med. Ctr.*, 407 S.W.3d 579, 591 (Mo. 2013) (en banc). As with the EEOC right-to-sue letter, Plaintiff did not attach a MHRC right-to-sue letter to his Complaint, and the Complaint does not allege any facts related to Plaintiff's receipt of a MHRC right-to-sue letter. *See generally* (Doc. 1). Because the MHRC right-to-sue letter is not attached to the Complaint and is not necessarily embraced by the pleadings, the Court will not consider it. *See Owen*, 533 F.3d at 918 (The Court "may consider documents attached to the complaint and matters of public and administrative record referenced in the complaint.") (internal quotation omitted).

Even if the Court could consider the MHRC right-to-sue letter, it would still grant Defendant Invenergy's Motion to Dismiss Plaintiff's MHRA claims. Although Plaintiff apparently received a right-to-sue letter from the MHRC on November 18, 2025 (Doc. 23 at 2), that was nearly two months after he filed his Complaint in this Court on September 24, 2025, a statutory prerequisite of which was the receipt of the right-to-sue letter. *See Igoe*, 152 S.W.3d at 287; *Farrow*, 407 S.W.3d at 591.

Defendant Invenergy's Motion to Dismiss Counts XVIII-XXI for Failure to Exhaust Administrative Remedies is GRANTED.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, (Doc. 14), is **GRANTED**. Counts XIV-XXI of Plaintiff's Amended Complaint are **DISMISSED** without prejudice.

Dated this 7th day of May 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE